**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **THE ESTATE OF CHARRO JONES, DECEASED, WILLIAM JONES, JR., ADMINISTRATOR OF THE ESTATE AND ON BEHALF OF ALL HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF CHARRO JONES, DECEASED** | **PLAINTIFFS** |
| **v.** | Civil Action No.: 4:20cv194-DMB-JMV |
| **GRENADA COUNTY, CORRECTIONS MANAGEMENT SERVICES, INC., NURSE NORMA WILLIAMS, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, AND OFFICER JOHN DOES 1 – 5, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES** | **DEFENDANTS** |

**COMPLAINT**
(Jury Trial Demanded)

1. This Complaint is brought by The Estate of Charro Jones, Deceased, Williams Jones, Administrator of the Estate of Charro Jones, Deceased, and on behalf of all Heirs-at-Law and Wrongful Death Beneficiaries of Charro Jones, Deceased ("Decedent"), acting by and through his undersigned counsel, against Grenada County, Mississippi, Corrections Management Services, Inc., Nurse Norma Williams, in her individual and official capacity, and Officer John Does 1 – 5 in their individual and official capacities ("Defendants").

**JURSIDICITION and VENUE**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1332 and 1343, as well as 42 U.S.C. §1983. Subject matter jurisdiction is appropriate in federal court since a federal question is raised pursuant to the 8th and 14th Amendments to the United States Constitution.

3. Venue is appropriate in this Court under §1391(b) and §1392, as all acts and/or omissions occurred in Grenada County, Mississippi, which is located within the Northern District of the United States District Court, Greenville Division.

**PARTIES**

4. The Decedent at all times material to this Complaint, was an adult who was an inmate at the Grenada County Jail ("Co. Jail"). Substantial acts, omissions, and events that caused the Decedent's injuries took place in Grenada County, Mississippi. At the time of the incident which gives rise to this Complaint, Decedent was forty-three (43) year old citizen of the State of Mississippi, and a pretrial detainee incarcerated at the Co. Jail. Due to the injuries he received the Co. Jail, the Decedent expired on December 20th, 2019. As a result, William Jones, Jr. was appointed Administrator of the Estate of Charro Jones, Deceased on September 20, 2020.

5. Defendant, Grenada County is located within the Northern District of the United States District Court, Greenville Division. Grenada County, by and through the Grenada County Sheriff's Department, manages and operates the Co. Jail Grenada Co. Jail is a governmental entity created by statute and is located at 37 Doak Street, Grenada, MS 38901. Grenada County and its duly elected Sheriff, Rolando Fair, have the responsibility for providing humane care and treatment consistent with all constitutional and American Correctional Association ("ACA") standards. At all times material, Grenada County had a non-delegable duty to provide detainees, including Plaintiff, with necessary medical care and treatment from qualified medical providers that meets a community standard of care. To the extent Grenada County delegated authority to make decisions to other healthcare providers, either

expressly or by default, the policies and customs of those healthcare providers become the policies and customs of Grenada County, and Grenada County is liable for their actions if the policy proves unconstitutional. See ***Ancata v. Prison Health Servs., Inc.,*** 769 F.2d 700, 705-706 (11th Cir. 1985) and cases cited therein. Defendant County is subject to the in personam jurisdiction of this Court by service of process upon its Board of Supervisors, by and through the Grenada County Chancery Court Clerk, Johnny L. Hayward, who also serves as the Clerk of the Grenada County Board of Supervisors, located at the Grenada County Chancery Courthouse, 59 Green Street, #1, Grenada, MS 38901.

6. Upon information and belief, Defendant Corrections Management Services, Inc. ("CMS,Inc."), is a domestic corporation qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, Edward M. Hargett, at Route 1 Box 1350, McNulty Road, Charleston, MS 38921.

7. Upon information and belief, Defendant Nurse Norma Williams ("Nurse Norma") is an adult resident citizen of Grenada County, Mississippi who may be served with process at her place of employment (37 Doak Street, Grenada, MS 38901) or her residence.

8. Plaintiffs are ignorant as to the identities of Defendant John Does 1 – 5 who are unknown officers, employees, agents, and or servants of the Grenada County and/or Defendants. As their identities are learned, the Plaintiffs will amend their Complaint to allege their true names and allege that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages, as alleged herein, were proximately caused by their

misconduct. Plaintiffs, upon information and belief, assert that the Doe Defendants were the officers, agents, servants, and employees of the Defendants herein, and were at all times acting under color of law with the permission and consent of Defendants within the course and scope of their respective employment.

**FACTS**

9. In August, 2019, Decedent was arrested and transported to the Grenada County Jail for failure to submit payments to his probation officer.

10. On December 17th, 2019, Decedent began expressing to the Defendant John Doe correctional officers, nurses, his cellmate, and family that he was experiencing chest pains and shortness of breath. On the same date, Decedent's ex-wife, Tiffany Byrd, spoke with Defendant Nurse Norma while she was still on-duty concerning Decedent's complaints of chest pain.

11. Defendant Nurse Norma informed Tiffany that she would go back and check on Decedent. Defendant Nurse Norma never called Tiffany back to update her of the Decedent's medical status. Tiffany then called the jail a second time after she learned from Decedent that no one had come to inquire or check on his medical condition.

12. Thereafter, on Decembe 20th, 2019, Charro Jones, Jr. spoke with his father, Decedent, via text where he learned that his father was still experiencing chest pains and shortness of breath, but no nurse and/or jailers sought medical attention for Decedent.

13. In fact, Decedent and an unidentified witness overheard jailers making comments such as "if he talk, he ok." As a result of Defendants' negligence and deliberate

indifference for Decedent's medical condition, Decedent passed away on December 20th, 2019 while being transported to the emergency room.

14. At all relevant times herein, Defendant CMS, Inc. was the nursing program employed to provide medical services to the Grenada County Jail throughout the entire incident and responsible for the actions and/or omissions of the aforementioned Nurse Norma. She was also responsible for insuring that Mr. Charro Jones received proper medical assistance while in their care. CMS, Inc. and Nurse Norma failed to properly treat and are for Mr. Jones in his condition.

15. According to Grenada County policies and procedures, Nurse Norma and John Does were required to check on the Decedent periodically to make sure that he was not still experiencing pain and shortness of breath and able to respond because of his serious medical condition.

## 1983 CAUSES OF ACTION

### FIRST 1983 CLAIM: UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

16. Plaintiffs incorporate all allegations set forth in Paragraph 1 through 15 hereinabove. The Defendants, acting by and through their elected and appointed officials, acted with deliberate indifference in the allegations listed in Paragraphs 1 through 15.

17. Pursuant to Mississippi Code Annotated §47-5-931, regional correctional facilities shall be designed, constructed, operated and maintained in accordance with ACA standards, and shall comply with all constitutional standards of the Untied Stated and the State of Mississippi, and with all court orders that may now or hereinafter be applicable to the facility. Further, the sheriff of the county in which the facility is

located is designated as the Chief Corrections Officer of the regional jail. As such, Grenada County Sheriff Rolando Fair ("Fair") is the Chief Correctional Officer of the Grenada County Jail. Sheriff Fair had the responsibility and duty to supervise, oversee and control the training and job performance of jail staff and the operation of the jail including medical services. Sheriff Fair had the duty to see that the jail was maintained in a safe and sanitary condition, suitable for human occupation and complaint with constitutional requirements. Sheriff Fair had the duty to ensure that the jail officials, jailers, nurses, and other jail staff acted in compliance with the laws and Constitutions of the State of Mississippi and of the United States Constitution and laws. This included the duty to ensure that the conditions of inmate confinement did not deprive inmates of their right to reasonable, adequate and timely medical care and did not otherwise impose constituted cruel and unusual punishment. This likewise included a duty to see that the conditions of confinement did not impose *any punishment on pretrial detainees.*

18. At all relevant times herein, Sheriff Fair acted under the color of state law, under the cloak of his respective authority as sheriff, and as agents, servants, employees and officials of Defendant, Grenada County.

19. At all relevant times herein, Sheriff Fair enjoyed final policymaking authority over the policies, practices and customs at the Grenada County Jail, and displayed and exercised this authority over the policies, practices, and customs at the Grenada County Jail. At times Sheriff Fair delegated this authority to other Grenada County employees and agents, including but not limited to, the Defendants Nurse Norma

and John Does. Plaintiffs ask that the Court take judicial notice that Sheriff Fair enjoyed final policymaking authority at the Grenada County Jail.

20. Grenada County, by and through Sheriff Fair, and other Doe Defendants, maintained and operated the Grenada County Jail, in such a manner that the conditions of confinement resulted in a comprehensive and pervasive pattern of serious deficiencies in providing for the basic human needs of the inmates detained in the Grenada County Jail in every aspect.

21. The conditions of confinement also included a jail deficient that it was not suitable for human confinement. These conditions resulted in the infliction of punishment on each and all of the inmates who were forced to live there, including the Decedent. Such conditions violated Decedent's due process rights, including the specific right, as a pretrial detainee, not to be punished through the condition of his confinement, in violation of the Fourteenth Amendment to the United States Constitution.

22. The conditions of confinement also included many policies, procedures, practices, and customs that deprived most, if not all, inmates, including the Decedent, of their right to reasonable, adequate and timely medical care, again, specifically their right not to be punished during their pretrial confinement. These included policies, customs and practices, whether written or unwritten, that were expressly announced, sanctioned, and/or implemented by Sheriff Fair and other Doe Defendants in their position as the final policymakers of the Grenada County Jail. They also included policies, practices and customs which, though possibly not formally adopted, hand become so widespread, well-settled and deeply imbedded in

their application, use, employment and acceptance in the jail to have become the policies of the Grenada County Jail and of these Defendants.

23. Some of the policies, customs and practices, which constituted elements of the conditions of confinement in the Grenada County Jail, included, but were not limited to:

   A. Regularly denying, delaying or interfering with inmate requests for medical care;

   B. Ignoring, delaying or failing to promptly comply with the regular requests for medical care;

   C. Refusing to accommodate the known medical conditions of inmates;

   D. Not promptly providing reasonable medical care and treatment;

   E. Failing to have a doctor available to provide treatment for inmates or to diagnose and treat their medical conditions;

   F. Failing to transport inmates to hospitals for treatment of serious medical needs.

   G. Failing to ensure that guards checked on inmates who were regularly complaining of shortness of breath and chest pains;

   H. Inadequate and improper training, hiring, supervision and discipline of jailers.

24. The policies, practices and customs set forth in the preceding paragraphs, as well as others which may come to light in the course of this litigation, resulted in numerous, repeated and pervasive deprivations of inmates' rights to reasonable, adequate and

timely medical care, under both the Eighth and Fourteenth Amendments, at the Grenada County Jail.

25. Each of the foregoing policies, customs and practices were implemented, approved, ratified, known and/or constructively known by the officials of Grenada County, including Nurse Norma and Officers Doe Defendants during the Decedent's confinement.

26. Each of the foregoing policies, customs and practices constituted elements of the conditions of the Decedent's confinement and, both individually and in combination, were moving forces in the deprivation of the Decedent's respective rights including his right to reasonable, adequate and timely medical care under the Eighth and Fourteenth Amendment, his rights as a pretrial detainee and not to be punished under the Fourteenth Amendment.

27. Defendants Grenada County, CMS, Inc., Nurse Norma, and the Doe Defendants are jointly and severally liable for the Decedent's death. Plaintiffs seek recovery of all compensatory damages to which they are entitled as a result of the conditions of the Decedent confinement, and the damages he suffered therefrom. Plaintiffs further seek recovery of punitive damages from Defendants Nurse Norma and other Doe Defendants in their individual capacities for their callous and reckless disregard for the rights and welfare of the Decedent's medical needs.

## SECOND 1983 CLAIM: EPISODIC ACTS OR OMISSIONS

28. Plaintiffs incorporate all allegations set forth in Paragraph 1 through 27 hereinabove.

29. Grenada County, CMS, Inc., Nurse Norma, and Doe Defendants maintained and operated a jail in such a manner as to cause the pervasive deprivation of inmate constitutional rights in every respect and at every level. The Decedent was forced to live in this jail and endure the action and inaction of its officials, as well as the jailers and jail staff acting in accordance with jail policies, customs and practices, under color of law, exhibiting callous and deliberate indifference, in depriving him of his rights guaranteed under the Constitution and laws of the United States.

30. Grenada County, CMS, Inc., Nurse Norma, and Doe Defendants as well as other jailers and jail staff acting pursuant to jail policy, practice and customs, created and required inmates to live in a jail that was deficient in so many respects that it was not suitable for human confinement. These actions resulted in the infliction of punishment on each of the inmates who were forced to live there, including the Decedent.

31. As shown hereinabove, Grenada County, by and through its policymakers, implemented and permitted many other policies, practices and customs that deprived most, if not all, inmates, including the Decedent, of their right to reasonable, adequate and timely medical care and especially their right not to be punished during their pretrial confinement. These included policies, customs and practices, whether written or unwritten, that were expressly announced, sanctioned and/or implemented by the Decedent as final policymaker of the Grenada County Jail. They also included policies, practices, and customs which, through possibly not formally adopted, had become so widespread, well-settled and deeply imbedded in

their application, use, employment and acceptance in the jail to have become the policies of these Defendants.

32. Some of the policies, customs and practices of the Grenada County Jail included, but were not limited to:

   A. Regularly denying, delaying or interfering with inmate requests for medical care;

   B. Regularly denying or delaying all inmate requests for inmate medical care;

   C. Refusing to accommodate the serious medical conditions of inmates;

   D. Refusing to deliver an inmate's medication to that inmate; and

   E. Refusing to move seriously ill patients to a hospital or other location where they can receive appropriate care, instead of leaving them in a jail cell and leaving no one but their cellmates to care for them.

   F. Inadequate and improper training, hiring, supervision and discipline of correctional officers.

33. The policies, practices and customs set forth in the preceding paragraph, as well as others which may come to light in the course of this litigation, resulting in numerous, repeated, pervasive and persistent deprivations of inmates; rights to reasonable, adequate and timely medical care to the actions of these policymakers, their policies, the jailers and the jail staff.

34. Grenada County and its employees/agents along with Sheriff Fair, and Doe Defendants acted with deliberate indifference and callous and reckless disregard for the rights, welfare and medical needs of and other constitutional rights of the Plaintiffs.

35. CMS, Inc. and its employees/agents along with Nurse Norma acted with deliberate indifference and callous reckless disregard for the medical needs of Plaintiffs.

36. Jailers and jail staff acted, or failed to act, pursuant to the official policies, customs and practices of Grenada County and its policymakers, or at the direction of and with the approval of these officials, in depriving the Decedent of his rights as described herein. The policies, practices and customs were moving forces in the action and inaction for CMS, Inc., Nurse Norma, and Doe Defendants, jailers, and jail staff, and these individuals acted with deliberate indifference to the rights, welfare and medical needs of and other constitutional rights of the Decedent.

37. The deprivation of Decedent's rights, as described herein, directly and proximately caused the Decedent to suffer severe physical and mental personal injury and damages. These included the untimely death of Decedent, excruciating pain and suffering, extraordinary mental and emotional pain and anguish.

38. Grenada County, CMS, Inc., Nurse Norma, and Doe Defendants are jointly and severally liable for the damages, Plaintiffs seek recovery of all compensatory damages to which they are entitled. Plaintiffs further seek recovery of punitive damages from Grenada County, CMS, Inc., Nurse Norma, and Doe Defendants in their individual capacities for their callous and reckless disregard for the rights and welfare of the Decedent's medical needs.

**THIRD §1983 CLAIM: CLAIM AGAINST JAILERS, NURSE NORMA WILLIAMS, AND JOHN DOES**

39. The Decedent complained regularly of chest pains and shortness of breath due to his serious medical condition. The Nurse Norma and John Doe Nurses/Jailers were

required to check on inmates who were experiencing medical complications to insure that they were not suffering a medical emergency. CMS, Inc., Nurse Norma, and Doe Defendants were on duty throughout the duration of Decedent's incarceration at the Grenada County Jail and had, at certain times, performed security checks on the Decedent. The jailers were also required to obtain some type of response from the Decedent to ensure he was alert and responsive. CMS, Inc., Nurse Norma, and Doe Defendants were subjectively aware that the Decedent was experiencing chest pains and shortness of breath. However, CMS, Inc., Nurse Norma, and Doe Defendants failed to conduct medical checks on Decedent and failed to obtain medical assistance for him. The failure to conduct the required safety checks was done with deliberate indifference to the Decedent's constitutional rights and was objectively unreasonable. As a result, the Decedent expired on December 20, 2019.

## **FOURTH §1983 CLAIM: RATIFICATION**

40. Sheriff Fair and the other policymakers specified herein, were advised about the Decedent's incident. Sheriff Fair and other policymakers ignored evidence of a disregard of policies and procedures intended for the protection of inmates including the Decedent, and deficiencies that violated the Decedent's constitutional rights. Based on information and belief, not one officer, supervisor, nurse or any other person was disciplined, considered for discipline, or even retrained on policies intended for the protection of inmates. Instead, the policymakers approved the actions of the jailers and nurses and therefore ratified those actions.

41. Through these acts and omissions of ratification, Grenada County policymakers were deliberately indifferent to the Decedent's constitutional rights as set forth herein. A plaintiff can establish a municipal liability claim by showing that a final municipal policymaker approved an investigation that was "so inadequate as to constitute a ratification" of the misconduct. *Wright v. City of Canton,* 138 F. Supp.2d 955, 966 (N.D. Ohio 2001). "If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). An isolated decision by a municipal official that is not intended to control future decisions can nonetheless give rise to municipal liability. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-81 (1986).

42. The ratification caused the Decedent's injuries and damages and wrongful in whole or in part as set herein.

## FIFTH: NEGLIGENT TRAINING, SUPERVISION AND RETENTION AS TO DEFENDANTS GRENADA COUNTY AND CMS, INC.

43. The Plaintiffs incorporate all allegations set forth in Paragraph 1 through 42 hereinabove.

44. At all relevant times, Defendant Grenada County and CMS, Inc. had a duty to screen applicants for hire to its Jail or CMS, Inc., retention to its Jail or CMS, Inc. or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace or hazard and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

45. At all relevant times, it was the duty of Defendant Grenada County and CMS, Inc. to sufficiently hire, train and retain personnel within the County Jail or CMS and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rule applicable to the duties, behavior and activities of their servants, agents, nurses, Grenada County employees, and CMS, Inc.'s employees and/or personnel.

46. Upon information and belief, Nurse Norma who failed to seek medical assistance for Mr. Charro Jones' medical condition was improperly trained, supervised and retained by Defendant CMS, Inc. Furthermore, these individually-named Defendants responsible for Mr. Jones' injuries were improperly trained. Said individually-named Defendants took actions to deprive Mr. Jones of his right to medical care despite repeated request by Mr. Jones for same.

47. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendants' nurse, the Decedent was caused to suffer grave injuries that led to his death, without fault or contribution by the Decedent.

**SIXTH: NEGLIGENCE OF DEFENDANTS NURSE NORMA WILLIAMS AND JOHN DOES**

48. The Plaintiffs incorporate all allegations set forth in Paragraph 1 through 47 hereinabove.

49. Defendants Nurse Norma and "John Does: negligently failed to provide for the safety, security and protection of the Decedent by failing to comply with the County Jail and CMS Inc.'s own rules of conduct as it relates to getting medical assistance for inmates in need. Defendants Grenada County and CMS, Inc. had implemented a set of guidelines requiring jailers and/or nursing staff to monitor prisoners and obtain

medical care to those inmates who were in obvious need of such care. Defendant CMS, Inc. also implemented a set of guidelines requiring its employees to properly monitor and care for inmates who were in obvious need of such care. The named Defendants' failure to do so was in violation of these policies and constituted negligence including the negligent/intentional infliction of emotional distress.

50. As a result of the foregoing, Decedent sustained serious physical injuries that resulted in significant injuries including his death.

### SEVENTH: WRONGFUL DEATH UNDER MISSISSIPPI STATE LAW

51. The Plaintiffs incorporate all allegations set forth in Paragraph 1 through 50 hereinabove.

52. The Defendants' wrongful acts of delaying medical care to Decedent and the failure to properly treat the Decedent, caused the wrongful death of Mr. Jones.

53. As a result of the foregoing, the Defendants are liable for the injuries, pecuniary losses, loss of enjoyment of life, conscious pain and suffering, companionship, loss of love, loss of society and any and all other losses suffered by Mr. Jones including his wrongful death. Those pecuniary losses include without limitation financial support of his family, funeral expenses and any other pre-death costs associated with in incarceration.

### PUNITIVE DAMAGES

54. The Plaintiffs incorporate all allegations set forth in Paragraph 1 through 53 hereinabove.

55. Sheriff Fair, CMS, Inc. Nurse Norma, and Doe Defendants, in their individual capacities, acted in complete disregard for the safety of the Decedent by acting in a

negligent and/or grossly negligent manner as previously described herein. The actions of these Defendants warrant punitive damages.

56. Sheriff Fair, CMS, Inc., Nurse Norma, and Doe Defendants' actions in their individual capacities exhibited gross negligence and direct disregard of the safety of the Decedent. Punitive damages should be awarded against these Defendants. Defendants' tortious actions caused the Decedent to suffer tremendously and caused his wrongful death.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of the Decedent, request that upon a jury trial of this cause, the Court will award all relief due the Plaintiffs as set forth herein, including but not limited to the following:

A. Order that the Defendants pay the Plaintiffs a sum in excess of $75,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth herein, and enter judgment against Defendants and in favor of the Plaintiffs in the amount to be determined by a jury, or in such amount as found due and owing by the jury and/or this Court;

B. Order that the Defendants pay to the Plaintiffs a sum in punitive damages sufficient to deter these Defendants and other similarly situated from like conduct in the future;

C. Retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance;

D.  Order the Defendants to pay Plaintiffs' costs and expenses, including expert witness fees and reasonable attorney's fees, medical and burial expenses, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorney's fees found properly awardable pursuant to 42 U.S.C. §1988(b); and

E.  Grant such other and further relief, of either an equitable or legal nature, to the Plaintiffs' as the Court deems just and proper.

RESPECTFULLY SUBMITTED, THIS the 16th day of November, 2020.

**WILLIAM JONES, JR., INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICAIRIES OF CHARRO JONES, DECEASED AND THE ESTATE OF CHARRO JONES, DECEASED, Plaintiffs**

**By:** _/s/ Carlos E. Moore_
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com