**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THE ESTATE OF CHARRO JONES,**                                    **PLAINTIFFS**
**Deceased, et al.**

**V.**                                                                             **NO. 4:20-CV-194-DMB-JMV**

**GRENADA COUNTY, et al.**                                         **DEFENDANTS**

**ORDER**

On November 16, 2020, the Estate of Charro Jones, and William Jones, Jr., as the Estate's administrator, filed a complaint in the United States District Court for the Northern District of Mississippi against Grenada County, Corrections Management Services, Inc., "Nurse Norma Williams," and "Officer John Does 1-5."[1] Doc. #1. In the complaint, the plaintiffs allege various constitutional and state law claims arising from Jones' death, which occurred while he was housed in the Grenada County jail. *Id.* at PageID 5–16.

On February 9, 2021, the defendants filed "Defendants' Motion for Partial Dismissal" pursuant to Federal Rule of Civil Procedure 12(c) seeking to, among other things, dismiss the state law medical negligence claims due to the plaintiffs' failure to provide a certificate demonstrating they consulted with a medical expert as required by Mississippi Code § 11-1-58. Doc. #20 at 2. In response to the motion, the plaintiffs submitted a "Certificate of Consultation" signed by their counsel dated February 19, 2021, and an unsigned and unnotarized affidavit of their counsel. *See* Docs. #23-1, #23-2. The defendants replied three days later. Doc. #25.

Section 11-1-58 requires that before a plaintiff files suit against a medical provider for injuries or wrongful death where expert testimony is required, the plaintiff's attorney must consult

---

[1] Williams and the John Doe officers are sued in both their individual and official capacities. Doc. #1.

with an expert and attach to the complaint a certificate executed by the attorney declaring that the criteria specified in the statute has been met. Miss. Code Ann. § 11-1-58(1)(a). In analyzing the statute, the Mississippi Supreme Court has held that "a complaint, otherwise properly filed, may not be dismissed and need not be amended, simply because the plaintiff failed to attach a certificate." *Wimley v. Reid*, 991 So. 2d 135, 138 (Miss. 2008). A certificate filed after the complaint's filing can satisfy the statutory pre-suit requirements if the plaintiff's attorney consulted with an expert prior to filing the complaint. *Id.* at 139.

In this case, the certificate and the unsigned affidavit submitted by the plaintiffs do not indicate that the consultation occurred *before* the filing of the complaint.[2] The certificate states in full:

> Pursuant to § 11-1-58 of the Mississippi Code of 1972 as amended, the undersigned attorney declares that he has consulted and that there exists a reasonable basis for filing the Complaint based on a consultation with at least one qualified expert, who meets the criteria set forth in § 11-1-58 of the Mississippi Code of 1972.

Doc. #23-1. The unsigned affidavit contains the same language with no specification of when the consultation occurred. Doc. #23-2. Because it is not clear whether the pre-suit consultation requirement has been satisfied, no later than August 20, 2021, the plaintiffs shall file an amended certificate clarifying whether the consultation occurred before or after the filing of the complaint.

**SO ORDERED**, this 17th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] In the memorandum in support of their response, the plaintiffs assert that their counsel consulted with a medical professional prior to filing suit. Doc. #24 at PageID 109 n.1. However, such information is not expressed in the certificate (or the unsigned affidavit). The Court declines to rely on the memorandum or otherwise scour the record to determine whether the plaintiffs satisfied § 11-1-58's requirement, particularly when the statute says such information is to be set forth in the certificate.