IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE ESTATE OF CHARRO JONES,** **PLAINTIFFS**
Deceased, et al.

V. NO. 4:20-CV-194-DMB-JMV

**GRENADA COUNTY, et al.** **DEFENDANTS**

## ORDER

Charro Jones died while (or after) being transported from the Grenada County jail to the emergency room for complaints of chest pain and shortness of breath. His estate sued Grenada County, Correctional Management Service, Inc., and Norma Williams, alleging various constitutional and state law claims. The defendants have moved to dismiss certain state law claims and the § 1983 official capacity claims against Williams. For the reasons explained below, the motion will be granted in part and denied in part.

## I
## Procedural History

On November 16, 2020, the Estate of Charro Jones, deceased, and William Jones, Jr., as the administrator of the Estate and on behalf of all heirs-at-law and wrongful death beneficiaries of Charro Jones, filed a complaint in the United States District Court for the Northern District of Mississippi against Grenada County, Corrections Management Services, Inc. ("CMS"), "Nurse Norma Williams," and "Officer John Does 1-5."[1] Doc. #1. The complaint contains four "1983 Causes of Action" titled, respectively, "Unconstitutional Conditions of Confinement;" "Episodic Acts or Omissions;" "Claim Against Jailers, Nurse Norma Williams, and John Does;" and

---

[1] Williams and the John Doe officers are sued both in their individual and official capacities. Doc. #1.

"Ratification." *Id.* at PageID 5–14. The remaining claims are for "Negligent Training, Supervision and Retention as to Defendants Grenada County and CMS, Inc.;" "Negligence of Defendants Nurse Norma Williams and John Does;" and "Wrongful Death Under Mississippi State Law." *Id.* at PageID 14–16.

On February 9, 2021, the defendants filed "Defendants' Motion for Partial Dismissal" pursuant to Federal Rule of Civil Procedure 12(c). Doc. #20. The motion is fully briefed. Docs. #21, #24, #25.

## II
## Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021) (alteration omitted). Dismissal at the pleading stage "may be appropriate based on a successful affirmative defense, provided that the affirmative defense appears on the face of the complaint." *Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 604 (5th Cir. 2021).

When reviewing a Rule 12(c) motion, a court may consider "(a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Sparks v. Tex. Dep't of Transp.*, 144 F. Supp. 3d 902, 903 (S.D. Tex. 2015) (citing, among others, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

**III**
**Factual Allegations**

Charro Jones was arrested and transported to the Grenada County Jail in August 2019 for failure to submit payments to his probation officer. Doc. #1 at ¶ 9. On December 17, 2019, Charro expressed to "the Defendant John Doe correctional officers, nurses, his cellmate, and family that he was experiencing chest pains and shortness of breath." *Id.* at ¶ 10. The same day, after speaking with Charro's ex-wife Tiffany Byrd about his complaints, Nurse Norma Williams informed Byrd that she would check on Charro. *Id.* at ¶¶ 10–11. Byrd never received an update from Williams, so she called the jail a second time after Charro informed her that no one checked on his medical condition. *Id.* at ¶ 11.

On December 20, 2019, Charro informed his son via text that he "was still experiencing chest pains and shortness of breath, but no nurse and/or jailers sought medical attention for [him]." *Id.* at ¶ 12. Charro and an unidentified witness overheard jailers make comments such as "if he talk, he ok." *Id.* at ¶ 13. The same day, Charro passed away while being transported to the emergency room. *Id.*

When the incident occurred, CMS was the nursing program responsible for providing medical services for inmates housed at the Grenada County jail. *Id.* at ¶ 14; Doc. #15 at ¶ 14.

**IV**
**Analysis**

The defendants seek to dismiss certain of the plaintiffs' claims on grounds that (1) Grenada County is immune from liability as to the state law claims; (2) the plaintiffs failed to comply with pre-suit statutory requirements; and (3) the plaintiffs' § 1983 claims against Williams in her official capacity are duplicative of the claims against CMS.[2] Doc. #21 at 2–6.

---

[2] The parties cite Mississippi law in their briefing on the motion to dismiss. Though the plaintiffs brought several § 1983 claims, the medical negligence and wrongful death claims are brought under state law and require compliance

A. **Inmate Exception**

The Mississippi Tort Claims Act ("MTCA") provides the exclusive remedy against a governmental entity or its employees for tortious acts or omissions which give rise to a suit. Miss. Code Ann. § 11-46-7(1). The MTCA's inmate exception provides that a governmental entity shall not be liable for any claim:

> Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution when the claim is filed[.]

Miss. Code Ann. § 11-46-9(1)(m).

The defendants argue that the state law claims against Grenada County are barred pursuant to the inmate exception. Doc. #21 at 2–3. The plaintiffs respond that this situation is a "special circumstance" which should circumvent the inmate exception because the defendants violated Charro's constitutional rights, and the Court should consider the damages as to Charro's wrongful death beneficiaries, who are not barred by the inmate exception. Doc. #24 at PageID 108.

Although the complaint refers to Charro as both an inmate and a pretrial detainee,[3] the distinction is inconsequential because the Mississippi Supreme Court has held that pretrial detainees are considered "inmates" for the purpose of applying the inmate exception of the MTCA. *See Hinds Cnty v. Burton*, 187 So. 3d 1016, 1024 (Miss. 2016) ("While the MTCA does not define 'inmate,' this Court has defined the term broadly, to include pretrial detainees, such as Burton."). And just as § 11-46-9(1)(m) bars suits brought by an inmate, it likewise bars suits where, as here,

---

with the pre-suit statutory requirements discussed below. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[3] "The Decedent at all times material to this Complaint, was an adult who was an *inmate* at the Grenada County Jail. … At the time of the incident which gives rise to this Complaint, Decedent was … a *pretrial detainee* incarcerated at the Co. Jail." Doc. #1 at ¶ 4 (emphases added).

4

the claims are brought by a decedent inmate's estate, wrongful death beneficiaries, or heirs at law. *Carter v. Miss. Dep't of Corr.*, 860 So. 2d 1187, 1192–93 (Miss. 2003) (applying the inmate exception to claims brought by wrongful death heirs, beneficiaries, and estate which arose while the decedent was an inmate). This is so because the plaintiffs "stand in the position of the[] decedent" and are entitled only to the remedies afforded the decedent had he survived. *Id.* Because Charro was housed at the Grenada County Jail either as an inmate or a pretrial detainee when the alleged events forming the basis of this suit occurred, the County cannot be held liable on the state law claims alleged by the plaintiffs. *See Webb v. Desoto Cnty.*, 843 So. 2d 682, 684–85 (Miss. 2003).

To the extent the plaintiffs argue the inmate exception does not apply because the defendants violated Charro's constitutional rights, the argument is meritless because the County seeks dismissal of the state law claims and not the constitutional claims under 28 U.S.C. § 1983. Accordingly, the state law claims against the County for negligent training, supervision and retention, and wrongful death, will be dismissed.

### B. Statutory Compliance

The defendants also seek dismissal of the state law wrongful death and medical negligence claims for failure to comply with pre-suit statutory requirements. Specifically, the defendants argue that the plaintiffs did not provide a certificate of consultation with a medical expert as required by Mississippi Code § 11-1-58 and did not provide Williams written notice prior to filing suit as required by Mississippi Code § 15-1-36(15). Doc. #21 at 3–5.

#### 1. Mississippi Code § 11-1-58

Mississippi Code § 11-1-58 provides:

> In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical,

5

> surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:
>
>> (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action[.]

Miss. Code Ann. § 11-1-58(1). In analyzing the statute, the Mississippi Supreme Court has held that "a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate." *Wimley v. Reid*, 991 So. 2d 135, 138 (Miss. 2008). A certificate filed after the complaint's filing can satisfy the statutory pre-suit requirements if the plaintiff's attorney consulted with an expert prior to filing the complaint. *Id.* at 139.

The plaintiffs first submitted a certificate and an unsigned affidavit with their response opposing the motion to dismiss. *See* Docs. #23-1, #23-2. Noting that, based on the submissions, "it [was] not clear whether the pre-suit consultation requirement ha[d] been satisfied," the Court ordered the plaintiffs to file an amended certificate clarifying when the consultation took place. Doc. #33 at 2. The next day, the plaintiffs filed an amended certificate stating that the consultation occurred *before* the complaint's filing. Doc. #34. Thus, the plaintiffs complied with the consultation requirement before filing the complaint such that dismissal for failure to comply with the statute is not warranted.

### 2. Mississippi Code § 15-1-36(15)

Section 15-1-36(15) of the Mississippi Code provides:

6

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. … This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15).

It is undisputed that the plaintiffs did not provide pre-suit notice to Williams. The plaintiffs assert that they were unaware of Williams' full name at the time they provided Grenada County and CMS with notices of intent to sue, and claim they made a good faith effort to provide notice to "someone who the plaintiff reasonably believed could receive notice on [Williams'] behalf." Doc. #24 at PageID 110–11. Relying on *Carpenter v. Reinhard*, 345 F. Supp. 2d 629 (N.D. Miss. 2004), the plaintiffs argue that only "substantial compliance" and not "strict compliance" with § 15-1-36(15)'s notice provision is required. *Id.*

In *Carpenter*, as an issue of first impression, United States District Judge Michael P. Mills made an *Erie* guess about whether § 15-1-36(15) required substantial compliance or strict compliance. 345 F. Supp. 2d at 631–33. Noting that Mississippi's appellate courts had deemed substantial compliance sufficient for the statutory notice requirements under the Mississippi Tort Claims Act, Judge Mills held that the plaintiff's substantial compliance with § 15-1-36(15) was sufficient. *Id.* However, as the defendants indicate, the Mississippi Supreme Court has since addressed the compliance issue and has consistently held that strict compliance with § 15-1-36(15) is required. *See Spann v. Wood*, 269 So. 3d 10, 12–13 (Miss. 2018) (language of § 15-1-36(15) requires pre-suit notice to "each of several defendants," "even if there is an employer-employee relationship among the defendants," and "strict compliance").

7

The plaintiffs apparently were aware of Williams' full name prior to filing suit since the complaint contains her full name. *See* Doc. #1. Thus, their failure to provide Williams with the required pre-suit notice warrants dismissal. Accordingly, the medical negligence and wrongful death claims against Williams will be dismissed without prejudice. *See Spann*, 269 So. 3d at 12 ("[T]he failure to satisfy the requirements [of § 15-1-36(15)] mandates dismissal without prejudice.").

### C. Duplicative Claims

The defendants argue that the § 1983 official capacity claims against Williams should be dismissed because they are duplicative of those against her employer CMS. Doc. #21 at 6. The plaintiffs respond that the claims should not be dismissed because "a Plaintiff may sue an individual-Defendant employed by a governmental entity in their individual capacity, official capacity or both." Doc. #24 at PageID 112.

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017). As a general rule, § 1983 official capacity claims against an employee are duplicative with the claims against the relevant entity and, therefore, are properly dismissed. *See Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) for the proposition that official capacity claims were properly dismissed where "allegations duplicate claims against the respective governmental entities themselves").

In arguing that the § 1983 official capacity claims against Williams should not be dismissed, the plaintiffs rely on *Breland v. Forrest County Sheriff's Department*, No. 2:10-CV-303, 2013 WL 1623997, at *3 (S.D. Miss. Apr. 15, 2013), which noted that "§ 1983 claims may be brought against government employees 'in their individual and official capacity, or against a

8

governmental entity.'" However, in *Breland*, there could not have been duplicative claims against the entity and its employee because the entity was not named as a defendant in the suit.[4] *Id.* at *5. Such is not the case here. Accordingly, the § 1983 official capacity claims against Williams will be dismissed with prejudice.

## V
## Conclusion

The defendants' motion to dismiss certain claims [20] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the state law claims against Grenada County, dismissal of the medical negligence and wrongful death claims against Williams for failure to comply with § 15-1-36(15), and dismissal of the § 1983 official capacity claims against Williams. It is DENIED in all other respects. The state law claims against Grenada County and § 1983 official capacity claims against Williams are **DISMISSED with prejudice**. The medical negligence and wrongful death claims against Williams are **DISMISSED without prejudice**.

**SO ORDERED**, this 20th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Although the sheriff's department was named in the lawsuit, the court found that the official capacity claims against the officers were claims against the county itself, which was not named as a defendant.

9