IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE ESTATE OF CHARRO JONES,**
*ET AL.*                                                                                                             **PLAINTIFFS**

**V.**                                           **CIVIL ACTION NO.: 4:20-CV-194-DMB-JMV**

**GRENADA COUNTY,** *ET AL.*                                                         **DEFENDANTS**

## ORDER

Before the Court are Plaintiffs' motion to substitute real party in interest [55] and motion for enlargement of time [60]. Both motions are now fully briefed, and the Court is prepared to rule. For the reasons stated in detail below, the Court finds that both the motion for extension of time [60] and the motion to substitute [55] shall be granted. The Plaintiffs shall have three (3) business days from the date of this order to file their proposed second amended complaint on the docket.

## Facts and Procedural History

The original Complaint [1] in this action was filed on or about November 16, 2020, by Williams Jones, Jr., in his capacity as the Administrator of the Estate of Charro Jones and on behalf of the wrongful death beneficiaries of Mr. Jones. William Jones, Jr. passed away on October 19, 2021. A suggestion of death of William Jones, Jr. [47] was filed on the docket in this case on November 3, 2021.

On January 18, 2022, Plaintiffs' attorney filed a Motion to Amend Case Management Order [50] seeking to extend the existing discovery, expert, and motions deadlines by 120 days. However, no request for an extension of time to file a motion to substitute was made at that time. The Court subsequently issued an Order [51] granting the motion and extending the expert, discovery, and motions deadlines.

It appears that on or about February 9, 2022, Charro Jones, Jr. requested to be appointed as the Administrator of the Estate of Charro Jones in the Chancery Court of Grenada County, Mississippi.

On March 8, 2022, Plaintiffs filed a motion to substitute real party in interest [55] wherein they assert that Charro Jones, Jr., the complaining decedent's eldest son, has been appointed as Administrator of his father's estate in the Chancery Court of Grenada County, Mississippi, and is now the proper party to be substituted in this action. Defendants filed a response in opposition to the motion to substitute [58], arguing that Plaintiffs did not seek permission from the Court to file the motion to substitute out of time and failed to show excusable neglect.

In response, Plaintiffs filed a motion for enlargement of time [60], on March 25, 2022, requesting the Court's permission to file their motion to substitute out of time. In support of the motion, Plaintiffs' counsel alleges that his office has been facing a stringent workload while being short-staffed and working on reduced hours. *See* [64] at 2. Plaintiffs further allege that their delay in filing the motion is "solely attributable to hardships" within Plaintiffs' counsel's office. *Id.* The motion for enlargement of time was also opposed by the Defendants. *See* [63].

### Law and Analysis

Federal Rule of Civil Procedure 25(a)(1) states

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As the advisory comment to the rule provides and case law reiterates—though the rule uses the mandatory "must be dismissed" language—the motion *may* be made later than 90 days after service of the statement noting death if the period is extended pursuant to Rule

2

6(b), as amended. *See Rowland v. GGNSC Ripley, LLC*, 2015 WL 12999757 (N.D. Miss. Nov. 23, 2015) (citing *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

Federal Rule of Civil Procedure 6(b)(1) provides that:

When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015), citing Fed. R. Civ. P. 6(b)(1)(B).

"Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.,* citing *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Id.,* citing *McCarty v. Thaler,* 376 F. App'x 442, 443–44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 894–98 (1990)).

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, a party or William Jones, Jr.'s successor or representative had 90 days from November 3, 2021, the date of the filing of the suggestion of death—or until February 1, 2022—to file a motion to substitute. It appears that on or about February 9, 2021, eight days after the 90-day deadline, Charro Jones, Jr. requested to be appointed as the Administrator of the Estate of Charro Jones in the Chancery Court of Grenada

3

County, Mississippi. It further appears that an order appointing Charro Jones, Jr. was subsequently entered, and he was issued Letters of Administration.

As for the length of the delay and its potential impact on proceedings, the Court notes that while the motion to substitute should have been filed in this Court by February 1, 2022, Charro Jones, Jr. filed a motion seeking his appointment as Administrator in the Chancery Court of Grenada County on or about February 9, 2022. Further, Plaintiffs' counsel admits having dropped the ball in failing to file the motion to substitute in this cause until March 8, 2022, 35 days after the deadline for filing had passed. The discovery deadline in this case is not set to expire until July 11, 2022, Plaintiffs' expert designation deadline does not expire until April 29, 2022, and Defendants' expert designation deadline is not set to expire until May 31, 2022. All in all, these factors weigh in favor of finding excusable neglect because allowing the substitution of Charro Jones, Jr. as Administrator at this juncture should not result in unfair prejudice to the Defendants or negatively impact the existing deadlines in the case.

As for the reason for the delay, whether it was within the reasonable control of the movant, and whether the movant acted in good faith, the Court notes that Plaintiffs' counsel admits that he is responsible for the failure to timely move to substitute. Plaintiffs' counsel alleges that his office has been facing a stringent workload while being short-staffed and working on reduced hours. *See* [64] at 2. Plaintiffs allege that their delay in filing the motion to substitute is "solely attributable to hardships" within Plaintiffs' counsel's office. *Id.* Thus, as was the case in *Brune v. Takeda Pharms. U.S.A., Inc.*, 2019 WL 3323511, at *7 (S.D. Miss. July 24, 2019), the belated act is attributable to the attorney as opposed to the plaintiffs. These factors also weigh in favor of finding excusable neglect.

While this case presents a close call, the Court finds that Plaintiffs have shown good cause and excusable neglect such that the motion for additional time should be granted and the substitution of Charro Jones, Jr. as Administrator of the Estate of Charro Jones should be allowed.

## Conclusion

The Court notes that Plaintiffs may owe discovery responses to the Defendants based upon allegations made in the briefing of the motions before the Court. While the Court directs the parties to confer in good faith, no motion to compel is presently before the Court regarding these allegedly belated responses.

**IT IS THEREFORE ORDERED** that the Plaintiffs' motion to substitute real party in interest [55] and motion for enlargement of time [60] shall be and are hereby **GRANTED**. Charro Jones, Jr. shall be substituted in the place and stead of William Jones, Jr. as the Administrator of the Estate of Charro Jones. Within three (3) business days from entry of this order, or by Monday, April 25, 2022, Plaintiffs must file the proposed second amended complaint naming Charro Jones, Jr. as Administrator of the Estate of Charro Jones.

**SO ORDERED,** this the 20th day of April, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE